UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24228-CIV-ALTONAGA/Goodman

**LILIANA GARCIA**,

    Plaintiff,
v.

**ANDREW M. SAUL**, *Commissioner of Social Security Administration*,

    Defendant.
_____/

## ORDER

On October 15, 2018, Plaintiff, Liliana Garcia ("Garcia"), filed a Complaint [ECF No. 1] seeking review of Defendant's decision denying her disability benefits under Title II and Title XVI of the Social Security Act. (*See* Compl. ¶ 1). The matter was referred to Magistrate Judge Jonathan Goodman for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]). Thereafter Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion") [ECF No. 24], and Defendant, Andrew M. Saul, the Commissioner of the Social Security Administration, filed a Motion for Summary Judgment ("Defendant's Motion") [ECF No. 25]. On December 20, 2018, Magistrate Judge Goodman entered his Report and Recommendations ("Report") [ECF No. 28] recommending the Court grant Defendant's Motion, affirm the decision of the Administrative Law Judge, and deny Plaintiff's Motion. (*See id.* 16).

In his thorough and comprehensive analysis, Magistrate Judge Goodman considered the four issues raised by Garcia in her effort to reverse the decision of the Administrative Law Judge ("ALJ"), Grecian A. Celaya: (1) whether the ALJ had legal authority to decide her case based on *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018); (2) whether the ALJ's

findings Garcia did not satisfy "paragraph B" criteria, and her residual functional capacity assessment, are supported by substantial evidence; (3) whether the ALJ had good cause to discount the opinion of Garcia's treating psychiatrist; and (4) whether the ALJ properly assessed Garcia's subjective symptoms and limitations. (*See* Report 6). The Magistrate Judge did not find any of Garcia's arguments persuasive (*see id.*) and explains why in his 17-page Report.

On January 3, 2020, Plaintiff timely filed her Objections to the Magistrate Judge's Report and Recommendations on Cross Motions for Summary Judgment ("Objections") [ECF No. 29]. The only argument in Garcia's Objections varying from the arguments raised in her Motion is a discussion of and analogy to a recent Eleventh Circuit case, *Castro v. Acting Commissioner of Social Security*, 783 F. App'x 948 (11th Cir. 2019). The remainder of Garcia's "Objections" repeat verbatim the arguments and statements raised in her Motion. (*Compare* Pl's Mot. 12–21[1] with Objs. 1–8; Pl's Mot. 21–24 with Objs. 9–12; and Pl's Mot. 25–26 with Objs. 13–14).[2]

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Here, while Plaintiff's Objections are timely, only Plaintiff's argument relying on *Castro* deserves *de novo* review. Garcia's remaining "Objections" were clearly drafted prior to the Report, and thus do not (and cannot) specifically identify the portions of the Report to which Garcia objects. *See, e.g.*, *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate [judge]'s report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." (alteration added; citation

---

[1] The Court uses the pagination generated by the Court's electronic case management system, which appears as a header on all court filings.

[2] Save for a paragraph discussing *Castro*, 783 F. App'x 948, 949, Garcia's objections repeat verbatim the arguments made in her Motion. (*Compare* Pl.'s Mot. 22 *with* Objs. 11).

2

omitted)); *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (noting "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with"); *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (noting the only objections entitled to *de novo* review are objections that identify specific findings in a report and articulate a legal ground for objection).

Accordingly, on January 17, 2020, Court entered an Order [ECF No. 32] requiring the Government to file a response addressing Plaintiff's argument relying on *Castro*. The Government filed its Supplemental Response [ECF No. 33] on January 21, 2020.

Turning to Garcia's objection, Garcia relies on *Castro* to argue the ALJ did not have good cause to discount the opinion of her treating psychiatrist. (*See* Objs. 12). "The opinion of a treating physician . . . must be given substantial or considerable weight unless good cause is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (alteration added; citation and quotation marks omitted). "Good cause" exists where the "treating physician's opinion [is] conclusory or inconsistent with the doctor's own medical records." *Id.* (citation omitted). The Court must affirm the ALJ's finding if it is supported by "substantial evidence," *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (citation omitted), but the Court may not "reweigh the evidence, or substitute [its] judgment" for that of the ALJ even if the "evidence preponderates against the [ALJ]'s decision," *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (alterations added; citation omitted).

The Report concludes the ALJ properly afforded little weight to Plaintiff's treating psychiatrist, Dr. Davis's assessment because "Dr. Davis's findings were inconsistent with some of [her] own progress notes and with other evidence on the record." (Report 14). According to Garcia, under *Castro*, the ALJ should not have found Dr. Davis's opinion inconsistent with her

treatment notes because the notes reflected Plaintiff's condition in a "clinical setting" and could not inform Dr. Davis's opinion regarding Garcia's "capacity to do work-related activities . . . in a regular work setting." (Objs. 29 (quoting *Castro*, 783 F. App'x at 956)). The Court agrees with the Government Plaintiff overstates her case's similarity to *Castro.*

In *Castro*, the Court found substantial evidence did not support the ALJ's decision to discount portions of the plaintiff's physician's opinion on the basis the same were inconsistent with the plaintiff's medical record. *See* 783 F. App'x at 956–58. In particular, the court found (1) treatment notes stating the plaintiff had good judgment were not inconsistent with the physician's opinion the plaintiff was unable to function independently or deal with work-related stressors because the notes reflected observations in a medical, not vocational, environment; (2) treatment notes observing the plaintiff's improvement were not inconsistent with the physician's opinion the plaintiff nevertheless continued to experience limitations; and (3) the physician's opinion the plaintiff had poor judgment was not inconsistent with hospital records stating the plaintiff had good judgment and comprehension because the plaintiff was admitted to the hospital in the first instance for suicidal ideation. *See id.* After reviewing evidence of the plaintiff's inability to groom herself, clean, or cook without reminders and encouragement, *see id.* at 949; poor response to treatment and medication, *see id.* at 952; suicidal ideation, *see id.* at 950–51; and fluctuating condition, *see id.* at 951; the court concluded "*[n]o reasonable person* would accept the conclusion that the observations in the treatment notes contradicted [the treating physician]'s opinions," *id.* at 956 (alterations and emphasis added).

The Government argues Garcia's analogy to *Castro* is too tenuous to persuade. The Government emphasizes Plaintiff has been described as having "appropriate appearance, good eye contact, calm and cooperative attitude, normal speech, goal-directed thought process, normal

thought content, no suicidal ideation, full orientation, intact memory, normal concentration and attention, average intelligence, and good insight and judgment at *nearly every relevant period examination*." (Suppl. Resp. 3 (emphasis added) (citing Court Transcript 334, 337, 414, 417-18, 421, 426-27, 432, 434, 436, 441, 455-56, 459)).[3] Additionally, on several occasions, Garcia's physician noted Garcia's anxiety and depression were stable with medication. (*See id.* (citing Court Transcript 434, 436, 459). Given the foregoing, the Court cannot conclude, as did the court in *Castro*, "*[n]o reasonable person*" would accept the ALJ's conclusion. 783 F. App'x at 956 (alteration and emphasis added).

Mindful the Court may not reweigh evidence or substitute its judgment for that the of ALJ, *see Bloodsworth*, 703 F.2d at 1239, it is

**ORDERED AND ADJUDGED** that

1. The Report **[ECF No. 28]** is **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment **[ECF No. 24]** is **DENIED**, and Defendant's Motion for Summary Judgment **[ECF No. 25]** is **GRANTED**. Final summary judgment shall be entered separately.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23nd day of January, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[3] The Court Transcript consists of the entire record of Plaintiff's case before the Administrative Law Judge. (*See id.* 1).

5